EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| In re:                  | 2011 TSPR 20   |
|                         |                |
|                         | 180 DPR ____   |
| Gerardo Fernández Amy   |                |

Número del Caso: TS-9708

Fecha: 10 de noviembre de 2010

Oficina de Inspección de Notarías

      Lcda. Lourdes Quintana Llorens
      Directora

Materia: Conducta Profesional – La suspensión será efectiva una vez advenga final y firme la Sentencia conforme la Regla 45 del Reglamento del Tribunal Supremo sobre reconsideración.

Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gerardo Fernández Amy

TS-9708

*PER CURIAM*

San Juan, Puerto Rico, a 10 de noviembre de 2010.

En el día de hoy, nuevamente nos encontramos en la necesidad de ejercer nuestra facultad disciplinaria contra un miembro de la profesión legal por su incumplimiento craso con los requerimientos de este Tribunal. A pesar de las oportunidades concedidas, nos vemos en la obligación de imponer la más severa de las sanciones por una conducta que es temeraria y constituye un desafío a nuestra jurisdicción disciplinaria.

El licenciado Gerardo Fernández Amy, en adelante, licenciado Fernández Amy, fue admitido al ejercicio de la abogacía el 15 de enero de 1991 y al de la notaría el 16 de julio de 1993.

Obra en el expediente una comunicación de la Directora de la Oficina de Inspección de Notarías, en adelante ODIN, donde se nos informa que con fecha de 13 de abril de 2004 y 23 de noviembre de 2004 el licenciado Fernández Amy fue notificado a su dirección de récord para ser inspeccionado. Las gestiones realizadas fueron infructuosas. El 30 de septiembre de 2009, se le cursó al licenciado Fernández Amy una nueva notificación de citación para la inspección de su obra notarial. Informa la Directora de la ODIN lo siguiente:

> Ese mismo día 30 de septiembre al número telefónico del notario (787)297-8711, que aparece informado por el notario en su último índice notarial el inspector a cargo de su inspección se comunicó personalmente con el notario Fernández Amy y al informarle el propósito de la llamada el cual era notificarle la fecha de la inspección de su obra notarial, el notario cortó la llamada. Intentos seguidos de comunicación telefónica al momento y otros posteriores tuvieron por respuesta un contestador electrónico. A los mensajes grabados dejados en la máquina no hubo respuesta alguna del notario. A esta fecha el notario no ha tenido ninguna comunicación con ODIN al respecto.

En la comunicación de ODIN se desprende que uno de los Inspectores de dicha Oficina se personó a la dirección física de la sede notarial la cual se encuentra en un complejo residencial con control de acceso. Aun cuando el personal de seguridad colaboró tratando de gestionar la presencia del notario, la misma fue infructuosa. Informa ODIN que la obra notarial del licenciado Fernández Amy

tiene un severo atraso de inspección por la poca o ninguna colaboración de éste.

Atendida la situación planteada por ODIN el 19 de febrero de 2010, emitimos Resolución ordenando al Alguacil General de este Tribunal que incautara la obra notarial del licenciado Fernández Amy.

Sin embargo, a pesar de las gestiones de la Oficina del Alguacil General para diligenciar la Orden emitida, las mismas han sido infructuosas. Surge de la comunicación del Alguacil General que visitaron el Complejo Residencial donde reside el licenciado Fernández Amy en tres (3) ocasiones distintas. En una de estas ocasiones, un vecino del licenciado Fernández Amy les comunicó que efectivamente ahí residía el letrado. A su vez, la Oficina del Alguacil General visitó varios lugares donde el licenciado Fernández Amy había trabajado. En uno de los bufetes se les suministró la dirección de correo electrónico, número de teléfono e informaron que el licenciado Fernández Amy contaba con una página en la red social de *Facebook.*

Así las cosas, uno de los Alguaciles de este Tribunal logró comunicarse con el licenciado Fernández Amy señalándole que tenía unos documentos que entregarle. El licenciado Fernández Amy informó que se encontraba en Hato Rey y que le devolvería la llamada. Sin embargo, el licenciado Fernández Amy no llamó conforme había acordado.

Todo lo anterior apunta a una reiterada conducta de dejadez e indiferencia de parte del licenciado Fernández Amy hacia nuestras órdenes, y demuestra su ignorancia de sus deberes como abogado, así como su desinterés en continuar siendo miembro de la profesión. *In re Martínez Miranda,* res. en 22 de agosto de 2008, 174 D.P.R.___ (2008), 2008 T.S.P.R. 176, 2008 J.T.S. 195.

## II.

El Canon 9 del Código de Ética Profesional, 4 L.P.R.A. Ap. IX, dispone que todo abogado deberá observar hacia los tribunales una conducta que se caracterice por el mayor respeto y diligencia. La naturaleza de la función de abogado requiere de una escrupulosa atención y obediencia a las órdenes de este Tribunal, particularmente cuando se trata de procedimientos sobre su conducta profesional. *In re García Incera,* res. en 21 de octubre de 2009, 177 D.P.R.___ (2010), 2010 T.S.P.R. 12, 2010 J.T.S. ___; *In re Colón Rivera*, 165 D.P.R. 148 (2007). Reiteradamente hemos señalado que desatender las órdenes judiciales constituye un serio agravio a la autoridad de los tribunales e infringe el Canon 9. *In re García Incera, supra; In re Maldonado Rivera*, 147 D.P.R. 380 (1999). A su vez, hemos advertido que procede la suspensión del ejercicio de la profesión cuando un abogado no atiende con diligencia nuestros requerimientos. *In re García Incera, supra; In re Ríos Rodríguez*, 172 D.P.R. Ap. (2007); *In re*

*Lloréns Sar*, res. el 5 de febrero de 2007, 170 D.P.R. 198(2007).

En vista de que el licenciado Fernández Amy ha hecho caso omiso a nuestras órdenes en reiteradas ocasiones y ha incumplido sus deberes procede suspenderlo indefinidamente del ejercicio de la abogacía y de la notaría.

## III.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Gerardo Fernández Amy. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30) días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Se dictará Sentencia de conformidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

In re:

Gerardo Fernández Amy

TS-9708

*SENTENCIA*

San Juan, Puerto Rico, a 10 de noviembre de 2010.

Por los fundamentos expuestos en la Opinión *Per Curiam* que antecede, la cual se hace formar parte de la presente Sentencia, se suspende indefinidamente del ejercicio de la abogacía y de la notaría al Lcdo. Gerardo Fernández Amy. Se le impone el deber de notificar a todos sus clientes de su inhabilidad para continuar representándolos, devolverles cualesquiera honorarios recibidos por trabajos no realizados e informar oportunamente de su suspensión a los foros judiciales y administrativos. Además, tiene la obligación de acreditar ante este Tribunal el cumplimiento con lo anterior, dentro del término de treinta (30)días a partir de la notificación de esta Opinión *Per Curiam* y Sentencia.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal Supremo.

Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo